IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD SCHUTZ, <br> Plaintiff, <br> v <br> DAVID P. HONICK, JASON MOSS and THE CITY OF PITTSBURGH, <br> Defendants. | ) <br> ) <br> ) <br> ) 2:10-cv-832 <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Now pending before the Court is DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT (Document No. 25). The parties have set forth their respective positions as to the Concise Statement of Material Facts ("CSMF") and each side has submitted numerous exhibits for the Court's consideration (Document Nos. 26, 30, 33). The motion has also been thoroughly briefed by each side and is ripe for disposition.

Factual and Procedural Background

This civil rights case arises out of a traffic stop conducted by City of Pittsburgh police officers David Honick and Jason Moss on November 3, 2006 at approximately 8:19 p.m. Many of the facts surrounding the incident remain in dispute. The officers had observed Plaintiff Donald Schutz interact with "Q," a known drug dealer, through the driver's side window of his truck and suspected that illegal narcotics activity had occurred. Schutz denies having any drugs and contends that "Q" was a stranger to whom he had given a ride because "Q's" car had broken down. Schutz explains that the officers must have observed "Q" giving him gas money. Q ran away and the officers stopped Schutz's truck and approached on opposite sides. Moss, at the

1

driver's side, asked for a drivers license and Schutz responded that he did not have one. Moss contends that he observed a packet of drugs in Schutz's mouth and ordered him to get out of the truck. Defendants contend that at some point during a pat-down, Schutz turned to face Moss and put his hands down from a hands-up surrender stance. Schutz contends that he was not resisting arrest. At that point, Moss grabbed Schutz about the face and throat area. Moss claims that he was attempting to perform an Oral Drug Extraction Technique ("ODET"), a maneuver to prevent a suspect from swallowing drug evidence by grabbing the back of the head, pulling the head forward and applying downward pressure to the jaw and chin area. Schutz alleges that the officers never said anything about drugs in his mouth prior to the ODET maneuver. A struggle ensued. Honick came around the truck, punched Schutz in the face and "leg swept" him to the ground. Schutz alleges that the officers then kicked, stomped and jumped on him. No narcotics were recovered. Schutz was transported to the hospital for medical treatment. Charges against Schutz for Tampering With Evidence and Resisting Arrest were dismissed, although he pled guilty to driving with a suspended license.

On November 3, 2008 – the last day of the applicable two year statute of limitations – counsel for Plaintiff filed a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County, Pennsylvania, GD # 08-023565. The docket report (Plaintiff's Exhibit H) reflects that the Writs of Summons were promptly served on the City of Pittsburgh on November 5, 2008 and on Honick and Moss on November 10, 2008. The docket reflects that on January 14, 2009, defense counsel filed a Praecipe for Rule to File Complaint. There was no apparent docket activity for the ensuing sixteen months -- Plaintiff did not file a Complaint and Defendants did not file a Praecipe for Non Pros.

On May 20, 2010 Plaintiff filed a ten-count Complaint. He asserted Section 1983 claims against Honick and Moss for violation of his rights under the Fourth and Fourteenth Amendments, namely "the right to be free from the excessive use of force" and the "right to bodily integrity, preservation of personal security, and the right to be free from physical assaults." *See* Complaint ¶¶ 47, 53. Notably, the Complaint did not assert a claim based on the initial traffic stop.[1] The Complaint also asserts a Section 1983 claim against the City, contending that the ODET maneuver was a policy which exhibited deliberate indifference to individual rights and/or that the City had failed to adequately train officers in the ODET technique. Plaintiff also asserted state law tort claims against Honick and Moss for assault, battery and intentional infliction of emotional distress; and a claim against the City for indemnification, pursuant to 42 Pa.C.S.A. § 8548(a). Defendants filed a timely Notice of Removal to this Court on June 18, 2010.[2]

Legal Analysis

Defendants seek summary judgment on all counts. Primarily, Defendants contend that all of the claims asserted in the Complaint are barred by the applicable two-year statute of limitations. In the alternative, Defendants contend that the Section 1983 claims must fail because the individual officers are entitled to qualified immunity and Plaintiff has failed to establish a basis for municipal liability against the City. The Court will address these contentions seriatim.

---

[1] The Court will not consider Plaintiff's arguments regarding the traffic stop, which were raised for the first time in his brief. *See Aldinger v. Spectrum Control, Inc.*, 207 Fed. Appx. 177, 180 n. 1, 181 (3d Cir. 2006) (affirming district court's dismissal of claim that was not pled in complaint and was first raised in summary judgment opposition brief).

[2] Removal was timely because the Writ of Summons did not provide adequate notice of federal jurisdiction.

A. Statute of Limitations

Defendants contend that the statute of limitations has expired because the Complaint was filed over three years after the incident. Plaintiff contends that the limitations period was tolled by the filing of a praecipe for writ of summons in the state court. Neither party has thoroughly addressed the actual, more-complex procedural status of this case. Indeed, Defendants did not address the statute of limitations argument in their reply brief.

In *Pettinato v. Allegheny County*, 2011 WL 2672040 (W.D. Pa. 2011), the Court summarized the general principles governing the limitations period in Section 1983 cases: (1) the statute of limitations is that provided by the state for personal injury torts; (2) under Pennsylvania law, the statute of limitations for personal injury actions is two years, pursuant to 42 Pa.C.S.A. § 5524; and (3) because there is no federal tolling provision, federal courts apply state law tolling principles.[3] *Id*. at * 3-4 (citations omitted). Thus, the Court must determine whether the statute of limitations would be tolled under Pennsylvania law in this case.

The Pennsylvania Rules of Civil Procedure provide that an action may be commenced by filing a praecipe to issue a writ of summons. *See* Pa. R. Civ. P. 1007(1). The filing of a praecipe for a writ of summons will toll the statute of limitations if the plaintiff makes a good faith attempt to serve the writ within thirty days of its issuance. *See Moses v. TNT Red Star Express*, 725 A.2d 792, 796 (Pa.Super. 1999); Pa. R. Civ. P. 401(a) (original process shall be served within 30 days of filing praecipe). Upon receipt of a writ of summons, a defendant may file a praecipe to compel

---

3 Federal law, by contrast, governs the <u>accrual</u> date of a Section 1983 claim. *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

the plaintiff to file a complaint. If the plaintiff fails to do so within twenty (20) days, and the defendant files another praecipe, the prothonotary may enter a judgment of non pros. *See* Pa. R. Civ. P. 1037(a) ("If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.") There are no equivalent procedures under the Federal Rules of Civil Procedure.

In *Heater v. Kispeace*, 2005 WL 2456008 (E.D. Pa. 2005), the Court explained that service of a writ of summons tolls the limitations period:

> For those actions initiated by filing a praecipe for a writ of summons and timely served within the statute of limitations, the Pennsylvania Supreme Court has held that there is no time limit within which the plaintiff must file the complaint. *See Galbraith v. Gahagen,* 415 Pa. 500, 204 A.2d 251, 252 (Pa.1964) (case in which complaint was filed more than two years [the applicable statute of limitations period] after praecipe for writ of summons was filed and served) ("[W]here the plaintiff has had the summons served upon the defendant, and the defendant ... is thus made aware of the lawsuit pending against him, he cannot complain if plaintiff takes his time and files the Complaint more than two years after service."). . . . [T]imely service of the writ satisfies the statute of limitations.

*Id*. at * 4 (citations omitted). The Court further explained that a defendant served with a writ of summons must resort to the remedy available in Rule 1037:

> A defendant who has been timely served with a writ of summons, but who alleges prejudice from plaintiff's delay in filing a complaint, must resort to [Rule 1037] rather than seek dismissal of the lawsuit as time-barred. *See Galbraith,* 204 A.2d at 252 ("If any harm is incurred by defendant as a result of [the delay in filing the complaint], it results from [defendant's] own failure to employ the weapon given him under Rule 1037 to force the plaintiff to file the Complaint ... [T]he defendant having been served with the Summons should have required plaintiffs to file their Complaint earlier. Having failed to do so [defendant] cannot now complain that the statute of limitations has barred further action."); *GAF Corp.,* 574 A.2d at 609 n. 6 (noting that defendant who was effectively served "had the option to invoke the remedies available to a defendant who believes that too much time has gone by

5

> without the filing of a complaint"); *Sheets,* 823 A.2d at 1019 (noting that "defendants could have filed a rule on the plaintiffs to file a complaint. If they failed to respond, the case could be dismissed, but for failing to respond to the rule, not because of a statute of limitations violation.").

*Id*. at * 4. In sum, under Pennsylvania law once the writ of summons is timely served the statute of limitations is satisfied and defendant's only remedy lies in Rule 1037. "Federal courts interpreting Pennsylvania procedures and case law have also concluded that a prejudiced defendant must seek dismissal pursuant to Rule 1037, not under the statute of limitations." *Id*. at * 5 (citations omitted). *Accord Davis v. Malitzki*, 2009 WL 3467770 *4 (E.D. Pa. 2009) (timely filing and service of a writ of summons will generally satisfy the tolling requirement in cases removed to federal court).

The same result applies in this case. The City of Pittsburgh and Officers Honick and Moss took the first step required under Rule 1037 by filing a praecipe for rule to file a complaint in January 2009. However, they failed to take the second step required under Rule 1037, by failing to file a praecipe for non pros during the next sixteen months. Thus, the limitations period remained tolled until May 2010, when the Complaint was filed. Accordingly, the statute of limitations defense in this Court is without merit and cannot prevail.

### B. Qualified Immunity

Qualified immunity is not simply a defense to liability. Rather, it is intended to completely shield an officer from having to stand trial. Accordingly, the immunity issue should be considered at the earliest possible stage of the proceedings. *Giles v. Kearney*, 571 F.3d 318, 325-26 (3d Cir. 2009). On the other hand, historical facts which may impact the immunity

analysis must be viewed in the light most favorable to the plaintiff at the summary judgment stage. *Curley v. Klem*, 298 F.3d 271, 277-78 (3d Cir. 2002).

Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011). In this case, the parties dispute the first prong, i.e., whether Plaintiff has alleged an <u>unreasonable</u> use of force, as required to establish a violation of the Fourth Amendment.[4]

The test for whether officers acted "reasonably" under the Fourth Amendment is objective. The Court must consider whether the circumstances, viewed objectively, justify the challenged action, regardless of the officer's actual subjective intent. *Id.* (citations omitted). The Court must also recognize that law enforcement officers "are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 397 (1989).

Defendants contend that because the deposition testimony provided by Schutz departed drastically from the averments in the Complaint, no reasonable jury could believe his account. According to Defendants, the record establishes four facts: (1) Plaintiff was subject to an attempted ODET; (2) Plaintiff resisted arrest; (3) Plaintiff was punched once; and (4) Plaintiff was taken to the ground. Accordingly, Defendants contend that their use of force was reasonable under the circumstances. Plaintiff denies that he resisted arrest, denies that he attempted to

---

4 Defendants do not contest that the second prong has been met.

swallow drugs and denies that he assaulted Moss. Plaintiff also contends that the officers used unreasonably excessive force under the circumstances.

Defendants rely heavily on *Scott v. Harris*, 550 U.S. 372 (2007), in which the United States Supreme Court held that the officers had acted reasonably in performing a PIT maneuver to stop a fleeing car, even though the Plaintiff was severely injured in the ensuing crash. *Scott* is readily distinguishable from the present case because it involved an "added wrinkle," in that the Court took judicial notice of a videotape which captured the event and "clearly contradicted" the Plaintiff's version of the facts. *Id*. at 378.

*Scott* does not stand for the proposition that courts should make credibility determinations regarding the plaintiff's testimony. To the contrary, in *Scott* the Supreme Court reiterated that at the summary judgment stage, when a plaintiff's "version of events (unsurprisingly) differs substantially from [the officers'] version," courts must adopt the Plaintiff's version of the facts in deciding claims of qualified immunity. *Id*. In *Patterson v. City of Wildwood*, 354 Fed. Appx. 695 (3d Cir. 2009) (unpublished) (involving a similar excessive force/resisting arrest scenario), the district court applied *Scott;* found that the plaintiff's testimony was blatantly contradicted by the record; and granted qualified immunity. The Court of Appeals for the Third Circuit reversed; distinguished *Scott*; and explained that the district court had improperly weighed evidence at the summary judgment stage.

Defendants in this case do not point to videotape evidence; indeed, they aver that Pittsburgh police vehicles do not have cameras. Instead, they simply invite the Court to determine that Schutz's testimony is not credible. Viewing the record in this case in the light most favorable to Schutz, a factfinder could determine that the officers' use of force was

8

unreasonable. *See Patterson*. Accordingly, the motion for summary judgment on the basis of qualified immunity must be denied.

C. Municipal Liability

Plaintiff has not thoroughly developed his Section 1983 claim against the City. The gravamen of Plaintiff's contention is that: "the City of Pittsburgh's use of ODET subjects itself to liability as the injuries inflicted on Plaintiff are the 'obvious' consequences of a policy that effectively sanctions assault and battery without the necessary oversight and training to prevent Fourth Amendment violations . . ." Plaintiff's Brief at 15. Thus, Plaintiff appears to be pursuing a "single-incident, failure to train" theory.

The United States Supreme Court recently summarized the legal principles which govern municipal liability in *Connick v. Thompson*, 131 S. Ct. 1350, 1359-60 (2011) (citations omitted):

> [L]ocal governments are responsible only for "their own illegal acts." They are not vicariously liable under § 1983 for their employees' actions. . . .Plaintiffs who seek to impose liability on local governments under § 1983 must prove that "action pursuant to official municipal policy" caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. . . . In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.

The Supreme Court emphasized that: "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id*. at 1360. A plaintiff must ordinarily demonstrate a pattern of similar constitutional violations to demonstrate deliberate indifference under a "failure to train" theory. The Court acknowledged

9

that the "obvious consequences" of failing to provide training might substitute for a pattern of similar violations, but emphasized that this "single incident" theory applied only "in a narrow range of circumstances." *Id*. at 1361. *See also Doe v. Luzerne County*, 660 F.3d 169 (3d Cir. 2011) (affirming dismissal of "failure to train" claim).

A reasonable jury could not find municipal liability under the facts and circumstances of this case. The "failure to train" theory is contradicted by Plaintiff's own evidence, which reflects that the City <u>did</u>, in fact, provide a four-hour training class to its officers in the use of ODET. *See* ODET Lesson Plan (Plaintiff's Exhibit N). Indeed, Plaintiff's theory of liability as to Officers Honick and Moss is that they violated their ODET training in various respects. *See* Plaintiff's Brief at 12-13. In sum, there is simply no evidence of a "failure to train." Plaintiff has not cited to any authority from this jurisdiction which has held that the ODET policy itself reflects deliberate indifference to citizens' constitutional rights or poses obvious adverse consequences. The ODET policy is intended to prevent suspects from swallowing illegal drugs to destroy evidence, which is not protected activity. Moreover, the training materials reflect that use of the ODET technique must comply with the Fourth Amendment and that officers must have probable cause to believe that illegal drugs are being swallowed. Plaintiff has not pointed to any pattern of similar incidents. In summary, the record evidence in this case does not demonstrate any deliberate indifference by the City of Pittsburgh.

The City is also named as a Defendant in Count Ten of the Complaint, which seeks "indemnification" pursuant to 42 Pa.C.S.A. § 8548(a), which provides:

> When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and he has given timely prior written notice to the local agency, and it is judicially determined that an act of the employee caused the injury and such act was, or that the employee in good faith reasonably

10

> believed that such act was, within the scope of his office or duties, the local agency shall indemnify the employee for the payment of any judgment on the suit.

There are at least two apparent flaws with this cause of action. First, it is doubtful that Plaintiff has standing, as Section 8548 is intended for the protection of the government employee rather than the injured citizen. *See Johnson v. City of Erie*, 834 F. Supp. 873, 877-78 (W.D. Pa. 1993) (*citing Wiehagen v. Borough of North Braddock*, 594 A.2d 303 (Pa. 1991). Second, the indemnification claim is premature, as there is no evidence that the officers have "given timely prior notice" to the City and it has not yet been "judicially determined" that the officers committed an act for which the duty to indemnify is triggered. *Id*. Accordingly, the indemnification claim will be DISMISSED WITHOUT PREJUDICE and the City will be removed as a party to this case.

Conclusion

For the reasons set forth above, the summary judgment motion will be **GRANTED** as to the Section 1983 and Indemnity claims against the City of Pittsburgh and **DENIED** as to the remaining claims alleged in the Complaint. The City of Pittsburgh will be removed from the case and the remaining parties should prepare for trial in the spring of 2012.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD SCHUTZ, | ) |
|           Plaintiff, | ) |
| | ) |
|     v | ) 2:10-cv-832 |
| | ) |
| DAVID P. HONICK, JASON MOSS and THE CITY OF PITTSBURGH, | ) |
|           Defendants. | ) |

## ORDER OF COURT

AND NOW, this 6th day of February 2012, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT (Document No. 25) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED WITH PREJUDICE** as to Count Nine of the Complaint; **GRANTED WITHOUT PREJUDICE** as to Count Ten of the Complaint; and **DENIED** as to all other claims.

The City of Pittsburgh is dismissed as a party and the caption is hereby amended as follows:

| | |
|---|---|
| DONALD SCHUTZ, | ) |
|           Plaintiff, | ) |
| | ) |
|     v | ) 2:10-cv-832 |
| | ) |
| DAVID P. HONICK and JASON MOSS, | ) |
|           Defendants. | ) |
| | ) |

Plaintiff shall file a Pretrial Narrative Statement on or before February 27, 2012 and the Defendants shall file their Pretrial Narrative Statement(s) on or before March 19, 2012. A Pretrial Conference is scheduled on March 22, 2012 at 1:30 P.M. before the undersigned.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Michael P. Petro, Esquire
Email: mpetro@smplaw.net

Craig A. Dietz, Esquire
Email: craig.dietz@city.pittsburgh.pa.us

Michael E. Kennedy, Esquire
Email: michael.kennedy@city.pittsburgh.pa.us