IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD SCHUTZ, | ) |
|         Plaintiff, | ) |
| | ) |
| v | ) 2:10-cv-832 |
| | ) |
| DAVID P. HONICK and JASON MOSS, | ) |
|         Defendants. | ) |
| | ) |

## MEMORANDUM ORDER

Now pending before the Court are numerous motions in limine: MOTION IN LIMINE TO EXCLUDE PRIOR COMPLAINTS OF EXCESSIVE FORCE, OMI AND DISCIPLINARY HISTORY, AND CRIMINAL CHARGES OF DEFENDANTS (Document No. 39); MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE DISPOSITION OF UNDERLYING CRIMINAL CHARGES (Document No. 41); MOTION IN LIMINE TO INCLUDE PLAINTIFF'S ACTIONS AND BEHAVIOR PRIOR TO THE TRAFFIC STOP (Document No. 43); MOTION IN LIMINE TO EXCLUDE PHOTOGRAPHS OF THE SCENE AND THE PLAINTIFF (Document No. 45), with briefs in support, filed by Defendants; MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S ACTIONS AND WHERE THEY TOOK PLACE IMMEDIATELY PRIOR TO THE STOP BY DEFENDANTS (Document No. 47); MOTION IN LIMINE TO EXCLUDE TESTIMONY OF OFFICER DAVID WRIGHT, INSTRUCTOR, CITY OF PITTSBURGH POLICE (Document No. 48); MOTION IN LIMINE TO INCLUDE EVIDENCE OF THE DISPOSITION OF PLAINTIFF'S CRIMINAL CHARGES (Document No. 49); and MOTION IN LIMINE TO INCLUDE DEFENDANT HONICK'S AFFIDAVIT OF PROBABLE CAUSE AND SUBJECT RESISTANCE REPORT (Document No. 50), with brief in support, filed by Plaintiff. Responsive briefs have been filed and the motions are ripe for disposition.

1

Factual and Procedural Background

As described in the Memorandum Opinion dated February 6, 2012, which denied the officers' motion for summary judgment, this civil rights case arises out of a traffic stop conducted by City of Pittsburgh police officers David Honick and Jason Moss on November 3, 2006 at approximately 8:19 p.m. Many of the facts surrounding the incident remain in dispute. The officers had observed Plaintiff Donald Schutz interact with "Q," a known drug dealer, through the driver's side window of his truck while stopped in a parking lot and suspected that illegal narcotics activity had occurred. Schutz denies having had any drugs and contends that "Q" was a stranger to whom he had given a ride because "Q's" car had broken down. Schutz explains that the officers must have observed "Q" giving him gas money. Q ran away. Shortly after Schutz drove away, the officers stopped his truck and approached him on opposite sides of the truck. Moss, at the driver's side, asked for a drivers license and Schutz responded that he did not have one. Moss contends that he observed a packet of drugs in Schutz's mouth and ordered him to get out of the truck. Defendants contend that at some point during a pat-down, Schutz turned to face Moss and put his hands down from a hands-up surrender stance. Schutz contends that he was not resisting arrest. At that point, Moss grabbed Schutz about the face and throat area. Moss claims that he was attempting to perform an Oral Drug Extraction Technique ("ODET"), a maneuver to prevent a suspect from swallowing drug evidence by grabbing the back of the head, pulling the head forward and applying downward pressure to the jaw and chin area. Schutz claims that the officers never said anything about drugs in his mouth prior to the ODET maneuver. A struggle ensued. Honick came around the truck, punched Schutz in the face and allegedly "leg swept" him to the ground. Schutz alleges that the officers then kicked, stomped and jumped on him. No narcotics were

recovered. Schutz was transported to the hospital for medical treatment. The charge against Schutz for Tampering With Evidence was ultimately withdrawn and the Resisting Arrest charge was dismissed at a preliminary hearing. Schutz pled guilty to driving with a suspended license.

A jury trial is scheduled to commence on May 21, 2012. The Court turns now to the evidentiary disputes raised by the parties in their motions in limine. The Court will attempt to provide as much guidance as possible to enable the parties to prepare their respective cases. Of course, the parties retain the right to make specific objections at trial and evidence may become admissible for impeachment or if the opposing party "opens the door" to such evidence.

Prior Complaints of Excessive Force Against Officers and Disciplinary Records

Defendants move to exclude prior complaints against the Officers for use of excessive force. Defendants also seek to exclude references to disciplinary actions against the Officers, as reflected in their personnel and Office of Municipal Investigations ("OMI") files. Plaintiff has not filed a response in opposition to this motion.

The Court agrees with Defendants that complaints regarding other incidents are not admissible as character evidence under Fed. R. Evid. 404(b). Moreover, this is a trial exclusively regarding an incident that occurred on November 3, 2006 involving Mr. Schutz. Allegations regarding other incidents are not relevant to this case, Fed. R. Evid. 401, and any marginal probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and undue delay. Fed. R. Evid. 403. *See Palmer v. Nassan*, 2011 WL 578764 (W.D. Pa. 2011).

Accordingly, the MOTION IN LIMINE TO EXCLUDE PRIOR COMPLAINTS OF

EXCESSIVE FORCE, OMI AND DISCIPLINARY HISTORY, AND CRIMINAL CHARGES OF DEFENDANTS (Document No. 39) is **GRANTED**.

Observations of Plaintiff's Actions Prior to Traffic Stop

The parties have filed opposing motions in limine regarding the events which transpired immediately prior to the traffic stop on November 3, 2006.  Defendants seek to present their observations of the interaction between Schutz and "Q," which formed the basis for the traffic stop.  Defendants contend that such evidence is important to provide context and to explain why the Officers were looking for drugs and used the ODET maneuver.  Plaintiff contends that the reason for the stop of his vehicle has no relevance and that such evidence is unfairly prejudicial to him.  In particular, Plaintiff objects to testimony regarding the Officers' prior "experiences" and the (high crime) "nature" of the surrounding neighborhood.

The Court concludes that it is important for the jury to have an understanding of the events that led to the traffic stop.  The Officers' personal observations of the interaction between Schutz and "Q" immediately prior to the stop are essential to understand why they believed Schutz had drugs in his possession which, after the stop, Moss allegedly observed in his mouth and therefore performed an ODET maneuver.  Such evidence is relevant, probative and outweighs any potential of unfair prejudice.  As Defendants suggest, an appropriate limiting instruction may be issued to the jury, and as discussed below, Schutz may have an opportunity to present evidence that no drugs were ever found and the criminal charges were withdrawn and/or dismissed.

On the other hand, the Court agrees with Plaintiff that testimony regarding the Officers' other experiences in the neighborhood, and their characterization of it as a "high crime" area, will

not be submitted to the jury. This case involves only the November 3, 2006 incident. Any references to other incidents, or the "nature" of the community, have little relevance as to whether Schutz possessed drugs and even less relevance as to whether Defendants used excessive force. Moreover, any marginal probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. Fed. R. Evid. 403.

In accordance with the foregoing, the MOTION IN LIMINE TO INCLUDE PLAINTIFF'S ACTIONS AND BEHAVIOR PRIOR TO THE TRAFFIC STOP (Document No. 43) and MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S ACTIONS AND WHERE THEY TOOK PLACE IMMEDIATELY PRIOR TO THE STOP BY DEFENDANTS (Document No. 47) are **GRANTED IN PART AND DENIED IN PART**.

Photographs

Defendants agree that certain photographs of Plaintiff and the scene may be admissible, assuming that they are properly identified and authenticated, but contend that 21 photographs is excessive and cumulative. Defendants object to photographs of blood on the road at the scene and photographs in which Plaintiff singularly attempts to re-enact the incident. The Court is inclined to agree with Defendants as to these last two categories of photographs. *See Quagliarello v. Dewees*, 2011 WL 3438090 at *4 (E.D. Pa. 2011) (explaining standards for admission of re-enactment and illustrative evidence). Plaintiff has implicitly acknowledged that the blood and re-enactment photographs will not be admissible, and explicitly agrees that all 21 photographs will not be offered into evidence. Plaintiff further anticipates that the parties will be

able to stipulate as to which photographs will be offered and admitted into evidence. At this juncture, there do not appear to be any definite disputes and the Court has not seen the photographs. Accordingly, the MOTION IN LIMINE TO EXCLUDE PHOTOGRAPHS OF THE SCENE AND THE PLAINTIFF (Document No. 45) remains **UNDER ADVISEMENT**. The Court is willing to perform an *in camera* review of the disputed photographs, if necessary.

Affidavit of Probable Cause and Subject Resistance Report

Schutz seeks to introduce into evidence two documents prepared by Officer Honick shortly after the incident, the Affidavit of Probable Cause and a Subject Resistance Report (also referred to as a "Use of Force" report). Defendants do not object to introduction into evidence of these documents. Accordingly, the MOTION IN LIMINE TO INCLUDE DEFENDANT HONICK'S AFFIDAVIT OF PROBABLE CAUSE AND SUBJECT RESISTANCE REPORT (Document No. 50) is **GRANTED**.

Disposition of Criminal Charges

Both sides have filed a motion in limine regarding the disposition of Schutz's criminal charges. Schutz seeks to offer the Criminal Docket and a transcript of the preliminary hearing into evidence, which reflect that the Tampering With/Fabricating Physical Evidence charge was withdrawn and the Resisting Arrest charge was dismissed. Defendants contend that the documents should be excluded because probable cause for the traffic stop is not an issue; the charges are not relevant to the amount of force used; and such evidence would be misleading to the jury. Plaintiff responds that the fact that the Officers withdrew the "Tampering With/Fabricating

Physical Evidence" charge goes to the credibility of Defendants' story that they performed an ODET maneuver. In other words, Schutz contends that the fact that no drugs were found is relevant to whether Officer Moss was justified to perform an ODET. Plaintiff also contends that the dismissal of the Resisting Arrest charge is relevant to the credibility of Defendants' justification for punching and "leg sweeping" him.

As a general matter, the subsequent disposition of the criminal charges against Schutz has little relevance to the issues in this case. For one thing, the burden of proof for a criminal conviction is much more stringent than the "preponderance of the evidence" burden that applies in this civil case. For another, the issue which will be before the jury is whether the *Officers'* actions constituted excessive force, not whether *Schutz* possessed drugs, resisted arrest, or had a suspended driver's license.[1] The transcript of the preliminary hearing, which was a separate judicial proceeding, will not be admitted into evidence at trial.

On the other hand, the Court has permitted Defendants to introduce testimony regarding their observations of Plaintiff's interaction with "Q" which led to the traffic stop. Defendants will also introduce evidence that Moss performed an ODET maneuver because he believed Schutz had drugs in his mouth. It would be unfair for the Officers to give the jury the impression that Schutz possessed drugs, without giving Schutz an opportunity to present evidence that no drugs were found and that the criminal charge for Tampering with Evidence was withdrawn and the Resisting Arrest charge was dismissed. The Court will likely condition the admission of such evidence on an appropriate limiting instruction to the jury. In particular, because the Resisting Arrest charge is closely related to the issues in this case and may be confusing to the jury, the Court will explain

---

1 Reference, by either side, to the invalid driver's license appears tangential.

to the jury that the outcome of the criminal charge against Schutz has no impact on the question of whether the Officers used excessive force.

In accordance with the foregoing, the MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE DISPOSITION OF UNDERLYING CRIMINAL CHARGES (Document No. 41) and MOTION IN LIMINE TO INCLUDE EVIDENCE OF THE DISPOSITION OF PLAINTIFF'S CRIMINAL CHARGES (Document No. 49) are **GRANTED IN PART AND DENIED IN PART**.

Testimony of Officer Wright

Plaintiff seeks to exclude the testimony of Pittsburgh Police Officer David Wright, who is an Instructor in the "force continuum." Defendants contend that they seek to call Officer Wright to present "independent and uninterested testimony" regarding the training that police officers receive in the appropriate use of force. Plaintiffs characterize this as expert testimony and point out that Officer Wright was not identified as an expert witness and has not prepared an expert report. Defendants deny that they seek to present Officer Wright as an expert witness.

As explained above, the focus of this trial is an incident which occurred on November 3, 2006. The issue for the jury is <u>not</u> whether the Officers received sufficient training in the use of force.[2] Rather, the jury must decide whether the Defendant Officers violated Mr. Schutz's constitutional rights through the use of excessive force on that evening. That the Defendant Officers received proper training does not make it more or less probable that they complied with that training. Officer Wright was not present at the scene and cannot shed any light on the circumstances of the incident.

---

2 The "failure to train" claim against the City of Pittsburgh was dismissed at the summary judgment stage.

Nevertheless, it appears that the "ODET" maneuver will be an important issue in this case. It will be helpful for the jury to understand what the ODET consists of, and what training and direction is provided to officers. Similarly, it will be helpful for the jury to understand, factually, what training is provided to officers regarding the use of force. Defendants have represented that they will not pose any hypothetical questions to Officer Wright or elicit any opinion testimony as to whether Defendants acted in accordance with their training. The Court concludes that Officer Wright may testify as a fact witness as to the training provided to officers.

However, Defendants are cautioned to not attempt to elicit testimony from Officer Wright that is "expert" in nature. In many cases, the parties identify expert witnesses on the "use of force." *See, e.g., Jackson v. City of Pittsburgh*, 2011 WL 3443951 at *17-18 (W.D. Pa. 2011); *Williams v. Weaver*, 2011 WL 4923607 (E.D. Pa. 2011). In this case, Defendants have not identified any expert witnesses, *see* Fed. R. Civ. P. 26(a)(2), and they may not evade those requirements by simply characterizing Wright as a fact witness.[3] This is a sensitive evidentiary area, because Officer Wright may be perceived by the jury as an "expert" in any event, given his experience, job title and duties. Moreover, testimony regarding the City of Pittsburgh "use of force" policies has the potential to mislead the jury to equate local policy violations with constitutional violations. *See McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009) (affirming exclusion of similar testimony pursuant to Fed. R. Evid. 403). Further, Officer Wright must be careful not to opine as to the applicable legal standards, as that may encroach on the Court's role in instructing the jury. Nevertheless, in light of Defendants' representations, the proposed fact testimony of Officer Wright will be admissible. The resolution of actual

---

3 In the *Jackson* case on which Defendants rely, Officer Wright was limited to fact testimony to which the Plaintiff had not objected. In that case, the City proffered another individual, James Baranowski, as the "use of force" expert.

testimonial disputes must await the specific context of an objection at trial.

Accordingly, the MOTION IN LIMINE TO EXCLUDE TESTIMONY OF OFFICER DAVID WRIGHT, INSTRUCTOR, CITY OF PITTSBURGH POLICE (Document No. 48) is **DENIED WITHOUT PREJUDICE**.

SO ORDERED this 11th day of May 2012.

          BY THE COURT:

          s/ Terrence F. McVerry
          United States District Court Judge

cc: Michael P. Petro, Esquire
    Email: mpetro@smplaw.net
    Bryan Campbell, Esquire
    Email: bryancmpbl@yahoo.com
    Allison N. Lachat, Esquire
    Email: allison.lachat@gmail.com